Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
        bheikali@faruqilaw.com

*Attorneys for Plaintiff Jonathan Saghian*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAGHIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA,<br><br>Defendant. | Case No.:  2:17-cv-05013<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code §1750,** *et seq.*<br><br>2. **Violation of California Business and Professions Code § 17200,** *et seq.*<br><br>3. **Violation of California Business and Professions Code § 17500,** *et seq.*<br><br>4. **Common Law Fraud**<br><br>5. **Intentional Misrepresentation**<br><br>6. **Negligent Misrepresentation**<br><br>7. **Quasi-Contract/Unjust Enrichment/Restitution**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Jonathan Saghian ("Plaintiff") by and through his counsel, brings this Class Action Complaint against Sun-Maid Growers of California ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this consumer protection and deceptive advertising class action lawsuit against Defendant, based on Defendant's unlawful and misleading business practices with respect to the marketing and sale of its Sun-Maid® Natural California Raisins and Sun-Maid® California Golden Raisins (collectively referred to as the "Products").

2.      At all relevant times, Defendant has manufactured, labeled, packaged, marketed, and sold the Products as having "No Sugar Added."

3.      For a labeled food product, federal regulation requires, *inter alia*, that "[t]he term[]… 'no sugar added'… may be used only if: (iv) [t]he food that it resembles and for which it substitutes normally contains added sugars." 21 C.F.R. § 101.60(c)(2).

4.      Each of the Products do not resemble or substitute for foods that normally contain added sugar.  Accordingly, the "No Sugar Added" claim made on the Products fails to comply with federal regulation.

5.      Plaintiff purchased the Product, reasonably relying on Defendant's improper and deceptive representation about the Products, and believing that comparable products offered by competitors not bearing the representation or a similar representation did contain added sugar, and that the Products were less sugary than the comparable products.  If Defendant had not included the unlawful and deceptive "No Sugar Added" representation on the Products, Plaintiff and other consumers would not have purchased the Products, would have purchased less of the Products, or would have paid significantly less for the Products.  Therefore, Plaintiff and consumers have

**CLASS ACTION COMPLAINT**

1    suffered injury in fact as a result of Defendant's unlawful and deceptive practices.

2        6.    Plaintiff brings this class action lawsuit on behalf of himself and all others

3    similarly situated.   Plaintiff seeks to represent a California Subclass, a California

4    Consumer Subclass, and a Nationwide Class (defined *infra* in ¶¶ 38-40) (together

5    referred to as "Classes").

6        7.    Plaintiff, on behalf of himself and other consumers, is seeking damages,

7    restitution, declaratory and injunctive relief, and all other remedies the court deems

8    appropriate.

9    ## JURISDICTION AND VENUE

10        8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

11    1332(d)(2)(A) because this case is a class action where the aggregate claims of all

12    members of the proposed Classes are in excess of the monetary statutory minimum,

13    exclusive of interests and costs, and many members of the proposed Classes, which

14    total more than 100 class members, are citizens of states different from the state of

15    Defendant.

16        9.    This Court has personal jurisdiction over Defendant because Defendant

17    has sufficient minimum contacts in California or otherwise intentionally did avail itself

18    of the markets within California. Defendant maintains its principal place in business in

19    Kingsburg, California and conducts regular and substantial business in California and

20    with California consumers.

21        10.    Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because

22    Defendant regularly conducts business throughout this District, and a substantial part

23    of the events and/or omissions giving rise to this action occurred in this District.

24    ## PARTIES

25        11.    Plaintiff Jonathan Saghian is a citizen of California, residing in Los

26    Angeles County.   In 2016 and 2017, Mr. Saghian purchased Sun-Maid® Natural

27    California Raisins many times from stores in Los Angeles, California, including

28

**CLASS ACTION COMPLAINT**

Ralph's and Target.  Mr. Saghian purchased the Product, reasonably relying on the Defendant's representation that the Product has "No Sugar Added" and reasonably believing that the Product was less sugared in comparison to comparable competitor products not bearing the same representation. Specifically, before purchasing the Product, Mr. Saghian also saw that competitor brand(s) of raisins at each store did not contain a "No Sugar Added" representation of the labeling, causing him to believe that those products did in fact contain added sugar and that Sun-Maid® Natural California Raisins were less sugary than comparable competitor products. Mr. Saghian would not have purchased the Product, would not have purchased the Product as often, or would have paid significantly less for the Product had he known that the "No Sugar Added" representation on the Product was unlawful and deceptive.  Mr. Saghian therefore suffered injury in fact and lost money as a result of Defendant's improper, misleading, unfair, and fraudulent practices, as described herein.  Despite being deceived, Mr. Saghian would likely purchase the Products in the future if the unlawful and misleading representation was removed.

12.    Defendant Sun-Maid Growers of California is a corporation incorporated in California, with its principal place of business in Kingsburg, California. Defendant directly and/or through its agents, produces, manufactures, labels, packages, markets, distributes, and sells the Products nationwide, including in California and in this District.

## FACTUAL ALLEGATIONS

**A.    The Federal Regulation of "No Sugar Added" Labeling**

13.    Pursuant to 21 U.S. Code § 343(a)(1), a food shall be deemed to be misbranded if "its labeling is false or misleading in any particular [way.]"

14.    The Food and Drug Administration ("FDA") regulations promulgated pursuant to the Food, Drug, and Cosmetics Act of 1938 ("FDCA") specify the precise nutrient content claims concerning sugar that may be made on a food label.

**CLASS ACTION COMPLAINT**

15.     Specifically, 21 C.F.R. § 101.60(c)(2) only permits labeling a food product as having "no sugar added" if:

      i.     No amount of sugars, as defined in 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars is added during processing or packaging; and

      ii.     The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and

      iii.     The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and

      iv.     ***The food that it resembles and for which it substitutes normally contains added sugars; and***

      v.     The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.

21 C.F.R. § 101.60(c)(2) (emphasis added).

16.     In implementing the federal regulations, the FDA has stated that:

> "[T]he purpose of the 'no added sugar' claim is to present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars. Therefore, the 'no added sugar' claim is not appropriate to describe foods that do not normally contain added sugars."

58 Fed. Reg. 2302, 2327 (Jan. 6, 1993).

**CLASS ACTION COMPLAINT**

**B.      American Sugar Consumption**

17.      Americans are consuming more and more added sugar. So much so that research shows that consumption of added sugars by adults has increased by more than 30% over the last three decades.[1]

18.      Added sugar in foods has substantially contributed to ballooning rates of type-2 diabetes, obesity, and other diseases, leading the American Heart Association, World Health Organization, and the U.S. Department of Agriculture to call for a large reduction in the amount of sugar consumed by most Americans.[2]

19.      For these reasons, among others, Americans have become increasingly concerned with their sugar intake.  In a recent survey of over 3,000 people conducted by Healthline, a consumer health information website, 62% of respondents reported being concerned about the impact of sugar consumption, and two-thirds of respondents admitted that they needed to consume less sugar.[3]

**C.      Defendant's Unlawful and Deceptive "No Sugar Added" Representation**

20.      All relevant times, Defendant directly and/or through its agents, produces, manufactures, labels, packages, markets, distributes, and sells the Products at various grocery store locations across the country, as well as through various online retailers such as Walmart, Target, and Amazon.com.

21.      To profit from consumers' growing concern with minimizing sugar consumption, Defendant has conspicuously represented on the labeling of the Products that the Products have "No Sugar Added:"[4]

---

[1] http://www.obesity.org/news/press-releases/us-adult (last visited on 7/07/2017).
[2] http://www.heart.org/HEARTORG/HealthyLiving/HealthyEating/Nutrition/Added-Sugars_UCM_305858_Article.jsp#.WV_6-ojyuUk ((last visited on 7/07/2017);
http://www.who.int/mediacentre/news/releases/2015/sugar-guideline/en/ (last visited on 7/07/2017);
https://www.fns.usda.gov/pressrelease/2016/000516 (last visited on 7/07/2017).
[3] http://www.healthline.com/health/sugar/healthline-survey-results (last visited on 7/07/2017).
[4] https://www.amazon.com/Sun-Maid-Natural-California-20-Ounce/dp/B007B9I8NY?th=1 (last visited on 7/07/2017); https://www.walmart.com/ip/Sun-Maid-California-Golden-Raisins-15-oz/10307652 (last visited on 7/07/2017).

6
**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17




18    22.    However, the foods that the Products "resemble[] and for which [they]

19  substitute[]" do <u>not</u> contain any added sugars.  21 C.F.R. § 101.60(c)(2).

20    1.    *Sun-Maid Natural California Raisins*

21    23.    As demonstrated in the images below, competitor brands of Sun-Maid

22  Natural California Raisins do not contain added sugar as an ingredient:[5]

23
24
25

26  [5] https://www.walmart.com/ip/Great-Value-California-Raisins-20-oz/20896168 (last visited on
27  7/07/2017); https://www.walmart.com/ip/Dole-California-Seedless-Raisins-12-oz/55317045 (last
     sited on 7/07/2017); http://www.target.com/p/california-raisins-10oz-market-pantry-153/-/A-
28  12936311 (last visited on 7/07/2017).

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




8

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





9

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22
23
24
25
26
27
28



**CLASS ACTION COMPLAINT**

24.    However, Sun-Maid Natural California Raisins contain as much, and often more, sugar than comparable competitor California raisin products:

   i.   Sun-Maid Natural California Raisins: 29g of sugar / 40g serving size.

  ii.   Great Value California Raisins: 24g of sugar / 40g service size.

 iii.   Dole California Seedless Raisins: 24g of sugar / 40g serving size.

 iv.   Market Pantry California Raisins: 29g of sugar / 40g serving size.

25.    Furthermore, competitor raisin products do not contain a "No Sugar Added" representation on their labels.

*2.   Sun-Maid California Golden Raisins*

26.    As demonstrated in the images below, competitor brands of Sun-Maid California Golden Raisins do not contain added sugar as an ingredient:[6]



---

[6] https://www.cooksillustrated.com/taste_tests/530-golden-raisins (last visited on 7/07/2017); https://www.amazon.com/Champion-Golden-Raisins-15-Ounce-Canisters/dp/B000E8WJQQ (last visited on 7/07/2017).

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**CLASS ACTION COMPLAINT**



27.     However, Sun-Maid California Golden Raisins contain at least as much sugar as comparable competitor golden raisin products:

i.     Sun-Maid California Golden Raisins: 29g of sugar / 40g serving size.

ii.     Champion Golden Raisins: 29g of sugar / 40g serving size.

iii.     Trader Joes California Golden Raisins: 29g of sugar / 40g serving size.

28.     Furthermore, competitor golden raisin products do not contain a "No Sugar Added" representation on their labels.

29.     According to the California Raisin Marketing Board, which Defendant is a member of, "California Raisins are naturally sweet…. Ordinarily, no sugar is ever added to Raisins when they are packed…."[7] Furthermore, the Board noted that "Our ingredients statement say it all – RAISINS!"[8]

---

[7] http://calraisins.org/raisin-nutrition/faqs/ (last visited on 7/07/2017).
[8] http://calraisins.org/about/the-raisin-industry/ (last visited on 7/07/2017).

**CLASS ACTION COMPLAINT**

30.     Accordingly, because products comparable to the Products do not contain added sugar, Defendant's "No Sugar Added" claim made on the Products is improper, non-compliant with federal and state regulations, and therefore deems that the Products are misbranded under federal law.

**D.     Plaintiff And Other Consumers Have Been Deceived And Harmed**

31.     In reasonable reliance on Defendant's representations, Plaintiff and members of the Classes purchase the Products, believing that comparable products offered by competitors not bearing the representation or a similar representation contain added sugar, and that the Products are less sugary than comparable products.

32.     Plaintiff and members of the Classes did not know, and had no reason to know, that Defendant's Products were improperly labeled, and had they known the fact that the Products are no less sugary than competitors' comparable products, they would not have purchased the Products, would have purchased less of them, or would have paid significantly less for them.  Therefore, Plaintiff and members of the Classes have been deceived and have suffered injury in fact as a result of Defendant's improper and deceptive practices.

33.     Defendant knew or should have known that each of the Products was illegally labeled because Defendant and/or its agents manufactured, labeled, packaged, marketed, and sold each of the Products.

34.     Defendant knew or should have known that Plaintiff and other members of the Classes, in purchasing the Products, would rely on Defendant's "No Sugar Added" representation on the Products and that they would reasonably believe the Products are less sugary than competitors' comparable products and/or that comparable products contain added sugar.

35.     Each consumer has been exposed to the same or substantially similar deceptive practice, as (1) each of the Products bears the "No Sugar Added" representation on its labeling; and (2) the Products are uniformly unlawfully labeled.

**CLASS ACTION COMPLAINT**

36.     As a result of its illegal and misleading business practice, and the harm caused to Plaintiff and other consumers, Defendant should be required to pay for all damages caused to consumers, including Plaintiff. Further, Defendant should be enjoined from engaging in these deceptive practices.

37.     Despite being misled by Defendant, Plaintiff would likely purchase the Products in the future if the unlawful and misleading representation was removed.

<u>**CLASS ACTION ALLEGATIONS**</u>

38.     Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons in the United States, who within the relevant statute of limitations periods, purchased any of the Products ("Nationwide Class").

39.     Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased any of the Products ("California Subclass").

40.     Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased the Products for personal, family, or household purposes ("California Consumer Subclass").

41.     Excluded from the Classes are Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Products for the sole purpose of resale.

42.     Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

15

**CLASS ACTION COMPLAINT**

1      43.    Plaintiff is a member of all Classes.

2      44.    <u>Numerosity</u>:   Based on information and belief, Defendant has sold

3    millions of units of the Products during the Class Period.  The Products are sold at

4    various grocery stores locations across the country, as well as through various online

5    retailers such as Walmart, Target, and Amazon.com.  Accordingly, members of the

6    Classes are so numerous that their individual joinder herein is impractical.  While the

7    precise number of class members and their identities are unknown to Plaintiff at this

8    time, the number may be determined through discovery.

9      45.    <u>Common Questions Predominate</u>:  Common questions of law and fact

10   exist as to all members of the Classes and predominate over questions affecting only

11   individual class members.  Common legal and factual questions include, but are not

12   limited to: (1) Whether the Products are misbranded under federal and state law, and

13   (2) Whether the Products are deceptively labeled.

14     46.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Classes he

15   seeks to represent in that Plaintiff and members of the Classes were all exposed to the

16   same or substantially similar improper and misleading representation, purchased the

17   Products relying on the uniform improper and misleading representation, and suffered

18   losses as a result of such purchases.

19     47.    <u>Adequacy</u>:  Plaintiff is an adequate representative of the Classes because

20   his interests do not conflict with the interests of the members of the Classes he seeks

21   to represent, he has retained competent counsel experienced in prosecuting class

22   actions, and he intends to prosecute this action vigorously.   The interests of the

23   members of the Classes will be fairly and adequately protected by the Plaintiff and his

24   counsel.

25     48.    <u>Superiority</u>:  A class action is superior to other available means for the fair

26   and efficient adjudication of the claims of the members of the Classes.  The size of

27   each claim is too small to pursue individually and each individual Class member will

28

16

**CLASS ACTION COMPLAINT**

1  lack the resources to undergo the burden and expense of individual prosecution of the
2  complex and extensive litigation necessary to establish Defendant's liability.
3  Individualized litigation increases the delay and expense to all parties and multiplies
4  the burden on the judicial system presented by the complex legal and factual issues of
5  this case.   Individualized litigation also presents a potential for inconsistent or
6  contradictory judgments.  The class action mechanism is designed to remedy harms
7  like this one that are too small in value, although not insignificant, to file individual
8  lawsuits for.

9      49.    This lawsuit is maintainable as a class action under Federal Rule of Civil
10  Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are
11  generally applicable to the members of the Classes, thereby making final injunctive
12  relief appropriate with respect to all Classes.

13      50.    This lawsuit is maintainable as a class action under Federal Rule of Civil
14  Procedure 23(b)(3) because the questions of law and fact common to the members of
15  the Classes predominate over any questions that affect only individual members, and
16  because the class action mechanism is superior to other available methods for the fair
17  and efficient adjudication of the controversy.

### FIRST CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act ("CLRA"),
### California Civil Code §§ 1750, *et seq.*
### (*for the California Consumer Subclass*)

21      51.    Plaintiff repeats the allegations contained in paragraphs 1-50 above as if
22  fully set forth herein.

23      52.    Plaintiff brings this claim individually and on behalf of the members of
24  the proposed California Consumer Subclass against Defendant.

25      53.    The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a),
26  and the purchases of such products by Plaintiff and members of the California
27  Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code §

**CLASS ACTION COMPLAINT**

1761(e).

54.   Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By labeling the Products as having "No Sugar Added," Defendant has characterized the Products as less sugary than comparable products sold by competitor brands, when they are not. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

55.   Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By labeling the Products as having "No Sugar Added," Defendant has represented that the Products are of superior quality in comparison to comparable products sold by competitor brands when they are not. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

56.   Cal. Civ. Code § 1770(a)(8) prohibits "[d]isparaging the goods, services, or business of another by false or misleading representation of fact." By labeling the Products as having "No Sugar Added," Defendant has represented that similar raisin products sold by competitor brands do have sugar added and/or that the Products are less sugary than those competitor products, when this is not true. Therefore, Defendant has violated section 1770(a)(8) of the CLRA.

57.   Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By labeling the Products as having "No Sugar Added," and then intentionally not selling the Products to meet the expectation that they are less sugary than comparable products sold by competitor brands, Defendant has violated section 1770(a)(9) of the CLRA.

58.   Furthermore, Defendant has violated the CLRA by failing to disclose that sugar is not added to comparable products offered by competitor brands.

59.   At all relevant times, Defendant knew or reasonably should have known

**CLASS ACTION COMPLAINT**

that each of the Products was improperly labeled, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the representation and believe that the Products are less sugary than comparable products from competitor brands and/or that those comparable products do contain added sugars.

60.     Plaintiff and members of the California Consumer Subclass reasonably and justifiably relied on Defendant's improper and fraudulent representations about the Products when purchasing them.   Moreover, based on the very materiality of Defendant's improper and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

61.     Plaintiff and members of the California Consumer Subclass suffered injuries caused by Defendant because they would not have purchased the Products, would have purchased less of them, or would have paid significantly less for the them had they known that Defendant's conduct was misleading and improper.

62.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate for Defendant's violations of the CLRA.

63.     Pursuant to Cal. Civ. Code § 1782, on April 26, 2017, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant.[9]   Defendant received the notice and demand letter on April 28, 2017. Because Defendant has failed to fully rectify or remedy the damages caused within 30 days after receipt of the notice and demand letter, Plaintiff is timely filing this Class Action Complaint.

[9] *See* Exhibit "A."

**CLASS ACTION COMPLAINT**

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
**(*for the California Subclass and California Consumer Subclass*)**

64.     Plaintiff repeats the allegations contained in paragraphs 1-50 above as if fully set forth herein.

65.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

66.     UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."

67.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

68.     Defendant's false and misleading advertising of the Products therefore was and continues to be "unlawful" because it violates 21 U.S.C. § 343, 21 C.F.R § 101.60(c)(2), the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

69.     As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

70.     Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, or is immoral, unethical, oppressive, or unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

71.     Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is improper, misleading, unfair, unlawful, and is injurious to consumers who rely on the representation about the Products.   Creating customer

20

**CLASS ACTION COMPLAINT**

confusion regarding the superiority of the Products is of no benefit to the consumers, especially when they are paying a premium for the Products.  Therefore, Defendant's conduct was and continues to be "unfair."

72.   As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

73.   Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

74.   Defendant's conduct here was and continues to be fraudulent because it has and will continue to likely deceive consumers into believing that the Products are less sugary than comparable products made by competitor brands, when they are not. Defendant's conduct here is also fraudulent because it has and will continue to likely deceive consumers into believing that those competitors' comparable products contain added sugar when they do not. Because Defendant misled and will likely continue to mislead Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendant's conduct is "fraudulent."

75.   As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

76.   Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant has made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

### THIRD CLAIM FOR RELIEF
### Violation of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq.*
### (*for the California Subclass and California Consumer Subclass*)

77.  Plaintiff repeats the allegations contained in paragraphs 1-50 above as if fully set forth herein.

78.  Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

79.  California's FAL makes it "unlawful for any person . . . to make or disseminate or cause to be made or disseminated before the public . . . any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or those services, professional or otherwise, or . . . performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…." Cal. Bus. & Prof. Code § 17500.

80.  Defendant has represented and continues to represent to the public, including Plaintiff and members of both the California Subclass and California Consumer Subclass, that the Products have "No Sugar Added." Defendant's representation is misleading because the foods that the Products "resemble[] and for which [they] substitute[]" normally do <u>not</u> contain any added sugars. 21 C.F.R. § 101.60(c)(2)(iv). Consumers are misled into believing that that the Products are less sugary than comparable products made by competitor brands, when they are not, or that the comparable products contain added sugar when they do not. Because Defendant has disseminated misleading information regarding its Products, and Defendant knew, or should have known through the exercise of reasonable care, that the information was and continues to be misleading, Defendant has violated the FAL and continues to do so.

**CLASS ACTION COMPLAINT**

81.    As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

82.    Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CLAIM FOR RELIEF
### Common Law Fraud
#### (for the Classes)

83.    Plaintiff repeats the allegations contained in paragraphs 1-50 above as if fully set forth herein.

84.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

85.    Defendant has willfully, falsely, and knowingly labeled the Products as "No Sugar Added" when it knew that comparable products from competitor brands normally do not contain added sugar.  Therefore, Defendant has made a misrepresentation as to the Products.

86.    Defendant's representation regarding the Products is material to a reasonable consumer because it relates to the nutrition of the Products purchased by the consumers.  A reasonable consumer would attach importance to such representation and would be induced to act thereon in making purchase decisions.

87.    Defendant intended that Plaintiff and other consumers rely on these misrepresentation, as evidenced by the representation appearing conspicuously on the

**CLASS ACTION COMPLAINT**

1   labeling of the Products.

2   88.   Plaintiff and members of the Classes have reasonably and justifiably relied

3   on Defendant's misrepresentation when purchasing the Products and had the correct

4   facts been known, would not have purchased the Products, would have purchased less

5   of them, or would not have purchased them at the prices at which they were offered.

6   89.   Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff

7   and members of the Classes have suffered economic losses and other general and

8   specific damages, including but not limited to the amounts paid for the Products, and

9   any interest that would have accrued on those monies, all in an amount to be proven at

10  trial.

11  

**FIFTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
(***for the Classes***)

12

13  

14  90.   Plaintiff repeats the allegations contained in paragraphs 1-50 above as if

15  fully set forth herein.

16  91.   Plaintiff brings this claim individually and on behalf of the members of

17  the Classes against Defendant.

18  92.   Defendant has labeled the Products as "No Sugar Added" when it knew

19  that comparable products from competitor brands normally do not contain added sugar.

20  Therefore, Defendant has made a misrepresentation as to the Products.

21  93.   Defendant's representation regarding the Products is material to a

22  reasonable consumer because it relates to the nutrition of the Products purchased by

23  the consumers.  A reasonable consumer would attach importance to such representation

24  and would be induced to act thereon in making purchase decisions.

25  94.   At all relevant times when such misrepresentation was made, Defendant

26  knew that the representation was misleading, or has acted recklessly in making the

27  representation and without regard to the truth.

28

24

**CLASS ACTION COMPLAINT**

95.     Defendant intends that Plaintiff and other consumers rely on the representation made about the Products, as evidenced by representation appearing conspicuously on the labeling of the Products.

96.     Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentation when purchasing the Products, and had the correct facts been known, would not have purchased the Products, would have purchased less of them, or would not have purchased them at the prices at which they were offered.

97.     Therefore, as a direct and proximate result of Defendant's intentional misrepresentation, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the Classes*)

98.     Plaintiff repeats the allegations contained in paragraphs 1-50 above as if fully set forth herein.

99.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

100.   Defendant has labeled the Products as "No Sugar Added" when it knew or reasonably should have known that comparable products from competitor brands normally do not contain added sugar.   Therefore, Defendant has made a misrepresentation as to the Products.

101.   Defendant's representation regarding the Products is material to a reasonable consumer because it relates to the nutrition of the Products purchased by the consumers.  A reasonable consumer would attach importance to such representation

**CLASS ACTION COMPLAINT**

and would be induced to act thereon in making purchase decisions.

102.   At all relevant times when such misrepresentation was made, Defendant knew or has been negligent in not knowing that that the representation was misleading. Defendant had no reasonable grounds for believing its representation was not misleading.

103.   Defendant intends that Plaintiff and other consumers rely on the representation made about the Products, as evidenced by representation appearing conspicuously on the labeling of the Products.

104.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentation when purchasing the Products, and had the correct facts been known, would not have purchased the Products, would have purchased less of them, or would not have purchased them at the prices at which they were offered.

105.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
(*for the Classes*)

106.   Plaintiff repeats the allegations contained in paragraphs 1-50 above as if fully set forth herein.

107.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

108.   As alleged herein, Defendant intentionally and recklessly made a misleading representation about the Products to Plaintiff and members of the Classes

**CLASS ACTION COMPLAINT**

to induce them to purchase the Products.  Plaintiff and members of the Classes therefore have been induced by Defendant's misleading representation about the Products, and paid for them when they would and/or should not have, purchased more than they would have, or paid more money to Defendant for the Products than they otherwise would and/or should have paid.

109.   Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the Classes.

110.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefit unjustly received.

111.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a)      For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)      For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c)      For an order finding in favor of Plaintiff, and all Classes, on all counts

27

**CLASS ACTION COMPLAINT**

1   asserted herein;

2       d)      For an order awarding all damages, including under the California

3   Consumers Legal Remedies Act on behalf of the California Consumer Subclass, in

4   amounts to be determined by the Court and/or jury;

5       e)      For prejudgment interest on all amounts awarded;

6       f)      For interest on the amount of any and all economic losses, at the

7   prevailing legal rate;

8       g)      For an order of restitution and all other forms of equitable monetary

9   relief;

10      h)      For injunctive relief as pleaded or as the Court may deem proper;

11      i)      For an order awarding Plaintiff and all Classes their reasonable

12  attorneys' fees, expenses and costs of suit, including as provided by statute such as

13  under California Code of Civil Procedure section 1021.5; and

14      j)      For any other such relief as the Court deems just and proper.

15

16                          **DEMAND FOR TRIAL BY JURY**

17      Plaintiff demands a trial by jury on all issues so triable.

18
19  Dated: July 7, 2017                          **FARUQI & FARUQI, LLP**

20                                               By: */s/ Barbara A. Rohr*
21                                               Barbara A. Rohr, Bar No. 273353
                                                 Benjamin Heikali, Bar No. 307466
22                                               10866 Wilshire Blvd., Suite 1470
                                                 Los Angeles, CA 90024
23                                               Telephone: 424.256.2884
                                                 Fax: 424.256.2885
24                                               E-mail: brohr@faruqilaw.com
25                                                       bheikali@faruqilaw.com

26

27

28
                                        28
                            **CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jonathan Saghian, declare as follows:

1.     I am the Plaintiff in this action and a citizen of the State of California. To extent the allegations in the complaint are based on my personal knowledge, they are true and, if called as a witness, I could testify competently thereto.

2.     This Class Action Complaint is filed in the proper place for trial because I purchased Sun-Maid Natural California Raisins in this District, and Defendant conducts a substantial amount of business in this District.

3.     In 2016 and 2017, I purchased Sun-Maid Natural California Raisins from stores in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on June 7, 2017 at Los Angeles, California.

Jonathan Saghian