1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

*Attorneys for Plaintiff Jonathan Saghian*

Jason D. Strabo (SBN 246426)
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park E Ste 3800
Los Angeles, CA 90067
Telephone: (310) 277-4110
Facsimile: (310) 277-4730
E-mail: jstrabo@mwe.com

*Attorneys for Defendant*
*Sun-Maid Growers of California*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAGHIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA,<br><br>Defendant. | **Case No.: 2:17-cv-05013 AB (PJWx)**<br><br>**CLASS ACTION**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference: Feb. 9, 2018 |

JOINT RULE 26(f) REPORT

1    Plaintiff Jonathan Saghian ("Plaintiff") and Defendant Sun-Maid Growers of

2 California ("Defendant") (together, the "Parties") respectfully submit this Joint Rule

3 26(f) Report in advance of the Scheduling Conference set for February 9, 2018.

4 **A.    Statement of the Case:**

5    Plaintiff brings this consumer protection class action against Defendant

6 challenging its marketing and sales practices with respect to its Sun-Maid® Natural

7 California Raisins and Sun-Maid® California Golden Raisins (collectively referred to

8 as the "Products"). Plaintiff alleges that Defendant labels, packages, and markets the

9 Products as having "No Sugar Added" when the Products do not warrant such

10 representation under 21 C.F.R. § 101.60(c)(2). For a labeled food product, federal

11 regulation requires, *inter alia*, that "[t]he term[]… 'no sugar added' may be used only

12 if: (iv) [t]he food that it resembles and for which it substitutes normally contains

13 added sugars." 21 C.F.R. § 101.60(c)(2). Plaintiff contends that each of the Products

14 do not resemble or substitute for foods that normally contain added sugar.

15 Accordingly, the "No Sugar Added" claim made on the Products fails to comply with

16 federal regulation. Furthermore, Plaintiff alleges that he was deceived by the "No

17 Sugar Added" statement on the label of the Products, reasonably believing that

18 comparable products offered by competitors not bearing the representation or a similar

19 representation did contain added sugar, and that the Products were therefore less

20 sugary than the comparable products. Therefore, Plaintiff and other consumers were

21 harmed in that they would not have purchased the Products, would have purchased

22 less of the them, or would have paid significantly less for them had they known that

23 the representation was unlawful and misleading.

24    Plaintiff brings this action under the following statutes and common law:

25 Consumers Legal Remedies Act (Count I), the Unfair Competition Law (Count II),

26 the False Advertising Law (Count III), Common Law Fraud (Count IV), Intentional

27 Misrepresentation (Count V), Negligent Misrepresentation (Count VI) and Quasi

28

1

1    Contract/Unjust Enrichment (Count VII).  Plaintiff seeks to certify a Nationwide Class

2    as well as a California Subclass and California Consumer Subclass (together, the

3    "Classes").  On behalf of himself and the Classes, Plaintiff seeks restitution, damages,

4    declaratory and injunctive relief, attorneys' fees, and all other remedies the Court

5    deems appropriate.

6           Defendant disputes that there is anything unlawful or misleading about Sun-

7    Maid's sales and marketing practices with respect to the Products.  The "No Sugar

8    Added" statement is literally true: Plaintiff does not dispute that the Products do not

9    contain any added sugar.  Plaintiff's assertion that Sun-Maid's sales and marketing

10   practices are nevertheless misleading is based on an unjustifiably narrow reading of 21

11   C.F.R. § 101.60(c)(2)(iv).  That provision permits the use of a "No Sugar Added"

12   claim if "the food that [the product containing a 'No Sugar Added' statement]

13   resembles and for which it substitutes normally contains added sugars."  21 C.F.R. §

14   101.60(c)(2)(iv).  Plaintiff contends this language means that Sun-Maid can only

15   include a "No Sugar Added" statement if other *identical* products—*i.e.*, other raisins—

16   normally contain added sugar.  Plaintiff then concludes that Sun-Maid violates the

17   FDA regulation because other brands of raisins do not contain added sugar.

18          The plain language of the FDA regulation, as well as recent FDA guidance,

19   preclude Plaintiff's interpretation.  The regulation refers to products that "resemble[]

20   and for which [the labeled product] substitutes," not merely products that are identical.

21   The plain and ordinary meanings of the terms "resembles" and "substitutes" imply

22   differences between the products and do not require that they be identical.  In fact, the

23   term "substitute" is expressly defined in the regulation, and permits vastly divergent

24   foods to qualify as "substitutes."  *See* 21 C.F.R. § 101.13(d).

25          Indeed, the Food and Drug Administration ("FDA") recently confirmed that

26   "*this condition does not limit the 'No Added Sugar' claim to only very similar foods*

27   bearing the same name or … content."  Here, there is at least one food that resembles

28                                         2

1   and for which the Products substitute, Craisins® Dried Cranberries.  Craisins® so

2   resemble raisins that they derive their name from raisins and are heavily marketed as

3   substitute products for raisins.  This competition for market share between raisins and

4   Craisins® has been well-publicized, as has the fact that Craisins® have significant

5   added sugar.  Moreover, other competing raisin brands can, and routinely do, utilize a

6   "No Sugar Added" label.

7          In addition to this threshold defect, which is fatal to all of Plaintiff's claims,

8   Sun-Maid maintains that Plaintiff's suit suffers from a range of other defects.  These

9   include, among others, that Plaintiff and the putative Class have not suffered any

10  damages or other losses capable of compensation, that Plaintiff will be unable to

11  establish a unified classwide damages theory, that a nationwide Class is inappropriate

12  under applicable California and Ninth Circuit precedent, that Plaintiff is an inadequate

13  representative as to portions of the putative Class, and that any and all claims are

14  barred by applicable safe harbor principles.  This matter can and should be promptly

15  resolved in Sun-Maid's favor.

16         On September 18, 2017, Defendant filed a Motion to Dismiss Or Stay

17  Plaintiff's Complaint (ECF No. 16). On October 16, 2017, Plaintiff filed his

18  Opposition thereto (ECF No. 22) and on November 13, 2017, Defendant filed its

19  Reply in support (ECF No. 25). On December 14, 2017, before oral argument was

20  presented to the Court, the Court Denied Defendant's Motion to Dismiss Or Stay

21  Plaintiff's Complaint (ECF No. 30).

22  **B.**     **Subject Matter Jurisdiction:**

23         The Parties agree that the Class Action Fairness Act provides the basis for

24  federal subject matter jurisdiction.

25  **C.**     **Legal Issues:**

26         The Parties agree that the key legal issues include the lawfulness of Defendant's

27  "No Sugar Added" representation on the Products, whether the requirements for a

28

3

JOINT RULE 26(f) REPORT

1   class action are met, measure of restitution and damages (if any), and scope of

2   injunctive relief (if any), and whether a nationwide class action is permissible under

3   Ninth Circuit and California choice-of-law principles.

4   **D.      Parties, Witnesses, and Evidence:**

5         The Plaintiff is Mr. Saghian.   At this time, Plaintiff is the only percipient

6   witness of which Plaintiff and his counsel are aware.

7         The Defendant is Sun-Maid Growers of California.   Defendant identifies

8   Kayhan Hazrati as a percipient witness.

9         The Parties are continuing to investigate the claims and expect to identify

10  additional witnesses in their Rule 26 disclosures.

11        Plaintiff contends that that the key documents and evidence in this case include,

12  but are not limited to, all labels, packages, and advertisements of the Products,

13  documents regarding Defendant's decision to utilize the "No Sugar Added"

14  representation, financial documents evidencing Defendant's sales and/or profits for

15  the Products, documents regarding the premium associated with Defendant's "No

16  Sugar Added" representation, and documents concerning communications between

17  Class members and Defendant regarding the "No Sugar Added" representation on the

18  Products.

19        Defendant contends that the key documents will include documents relating to

20  Plaintiff's purchases of the Products and other products which resemble or substitute

21  for the Products, including, but not limited to, other brands of raisins and Craisins®,

22  and his review(s) of marketing or other advertisements relating to the Products and

23  other products which resemble or substitute for the Products, including, but not

24  limited to, other brands of raisins and Craisins®.   In addition, Defendant anticipates

25  that discovery in this case may involve third party subpoenas to the sellers of

26  competitor products, including the competitor products referenced above as bearing a

27

28                                          4

1  "No Sugar Added" claim, and retailers regarding data relating to the sale, pricing,

2  marketing and advertisement of competitor products.

3  Defendant does not have any subsidiaries, parents, or affiliates.

4  **E.  Damages:**

5  Plaintiff alleges that damages in this action exceeds the sum or value of

6  $5,000,000 given that Defendant has sold the Products with the challenged

7  representation to thousands of consumers.  Plaintiff contends that damages will likely

8  include monetary damages to compensate Plaintiff and the Class members for the

9  money they spent on the Products, attorneys' fees and costs, and other damages

10  permitted by law.  Plaintiff will rely on his experts to identify and calculate the

11  appropriate measure of damages.  Defendant contends that there are no damages or

12  other sums that are susceptible to recovery, nor is there any viable classwide damages

13  theory.

14  **F.  Insurance:**

15  Defendant states that it has notified the following insurance carriers of

16  Plaintiff's claims: Federal Insurance Co., Ace Property and Casualty Insurance

17  Company, TNUS Insurance Co. (Tokio Marine America), Travelers Cas. & Surety of

18  America, RLI Insurance Co., Ace American Ins. Co., Continental Casualty Co., and

19  Starr Surplus Lines Insurance Co.

20  **G.  Motions:**

21  Plaintiff anticipates filing a motion for class certification.  The Parties jointly

22  propose that such motion will be due on or before June 26, 2019, that Defendant's

23  opposition will be due on July 26, 2019, that any reply will be due August 23, 2019,

24  and that the class certification motion be set for hearing on September 6, 2019.

25  At this time, the Parties do not anticipate moving to add other parties or claims,

26  amend the pleadings, or to transfer venue.  The Parties reserve the right to do so in the

27  future if they deem appropriate.

28

JOINT RULE 26(f) REPORT

**H.     Dispositive Motions:**

Plaintiff anticipates filing a motion for summary judgment on one or more claims or grounds. Defendant anticipates that it will move for summary judgment on one or more grounds.  The precise grounds upon which the Parties will move for summary judgment will depend upon, among other things, the Court's ruling on any motion for class certification filed by Plaintiff, upon such additional information as is disclosed during discovery, and upon further evaluation of the applicable law.

At present, Defendant anticipates that the grounds for summary judgment may include that the "No Sugar Added" claim on the Products is not false or misleading, that the "No Sugar Added" claim does not violate the applicable FDA regulations, and that the Plaintiff lacks a viable classwide theory of damages or monetary recovery under applicable Supreme Court and federal precedent.

The Parties propose that the last date for the Court to hear summary judgment motions should be April 3, 2020.

**I.     Manual for Complex Litigation:**

Plaintiff believes that the Manual for Complex Litigation may provide general guidance, but more recent case authorities are a better choice for procedure. Defendant also believes that the Manual for Complex Litigation may provide applicable guidance.

**J.     Status of Discovery:**

No discovery has been taken.

**K.     Discovery Plan:**

The Parties jointly propose fact discovery cut-off of January 11, 2019.  The Parties intend that all discovery responses and discovery-related motions be filed within the fact discovery time frame, except motions that relate to information produced in the final 30 days of discovery.

Plaintiff intends to serve interrogatories, document requests, and requests for

6

JOINT RULE 26(f) REPORT

1    admissions regarding Defendant's marketing, labeling, packaging, pricing, and sale of

2    the Products.  Plaintiff will also inquire regarding any surveys or research, either

3    internal or conducted through third parties, regarding consumers' perceptions of the

4    "No Sugar Added" representation on the Products, consumer comments or complaints

5    regarding the "No Sugar Added" representation on the Products; and any information

6    or documents regarding Defendant's pricing, including third-party pricing data.

7    Plaintiff also intends to depose Defendant's corporate representatives regarding these

8    topics, and will likely notice depositions of fact witnesses identified in Defendant's

9    initial disclosures, discovery responses, and documents.  Plaintiff also intends to

10   engage experts regarding consumer perceptions as well as Defendant's price premium

11   for the Products.

12          Defendant intends to serve interrogatories, document requests, and requests for

13   admissions regarding Plaintiff's purchases of the applicable Products and other

14   products which resemble or substitute for the Products, including, but not limited to,

15   other brands of raisins and Craisins®, his review(s) of marketing or other

16   advertisements relating to the Products and other products which resemble or

17   substitute for the Products, including, but not limited to, other brands of raisins and

18   Craisins®.  In addition, Defendant anticipates that discovery in this case may involve

19   third party subpoenas to the sellers of competitor products, including the competitor

20   products referenced above as bearing a "No Sugar Added" claim, and retailers

21   regarding data relating to the sale, pricing, marketing and advertisement of competitor

22   products.  Defendant intends to depose Plaintiff and Plaintiff's experts and will likely

23   notice depositions of fact witnesses identified in Plaintiff's initial disclosures,

24   discovery responses, and documents.  Defendant also intends to engage experts

25   regarding, at a minimum, consumer perceptions, the lack of a cognizable classwide

26   damages theory (or any damages), and the interrelationship between the Products and

27   other products.

28

JOINT RULE 26(f) REPORT

The Parties do not anticipate seeking an order to bifurcate discovery in this matter.  They have, however, agreed to prioritize any discovery necessary to class certification in order to permit Plaintiff to promptly file, and Defendant to oppose, class certification.

The Parties have agreed to exchange their Initial Disclosures on or before February 15, 2018.

**L.    Discovery cut-off:**

The Parties propose the following discovery cut-off dates:

Fact discovery:  The Parties jointly propose a fact discovery cut-off of January 11, 2019.

Expert discovery:  The Parties believe that expert discovery should be completed in accordance with the schedule set forth in Section M below.

Additionally, as there may be additional discovery required based on the Court's ruling on the motion for class certification, Plaintiff proposes that within seven days after the Court's ruling on class certification, the Parties will meet and confer regarding the completion of discovery including, but not limited to, additional depositions, experts, and other discovery.  Defendant reserves the right to object to any discovery that Plaintiff may seek after the fact and expert discovery cutoff dates.

**M.    Expert discovery:**

The Parties believe that expert discovery should be completed according to the following schedule: Plaintiff will serve his expert report(s) by February 25, 2019. Defendant will serve its expert report(s) by March 27, 2019, and the Parties will submit any rebuttal expert report(s) by April 26, 2019. All further expert discovery, including any expert depositions, will be completed by May 27, 2019.

**N.    Settlement Conference/Alternative Dispute Resolution ("ADR"):**

The Parties are currently engaged in preliminary settlement negotiations and are amenable to private mediation.

8

**O.   Trial Estimate:**

Plaintiff, on behalf of himself and the proposed Classes, demands a jury trial with respect to all issues triable by right of jury.  Plaintiff anticipates the jury trial to last four trial days. Plaintiff contemplates calling at least 10 witnesses at trial.

Defendant anticipates the jury trial to last four trial days. Defendant anticipates calling 8-10 witnesses, including percipient witnesses, witnesses from third parties, including competitor products and retailers, and one or more expert witnesses.

**P.   Trial Counsel:**

Plaintiff will be represented by Ben Heikali of Faruqi & Faruqi, LLP at trial.

Defendant will be represented by Jason D. Strabo and Chris Murphy of McDermott Will & Emery LLP at trial.

**Q.   Independent Expert:**

The Parties agree that this case is not suitable for an independent expert.

**R.   Schedule Worksheet:**

Attached as **Exhibit "A"** to this Joint Report is the Schedule Worksheet.

**S.   Other issues:**

At this point, the Parties do not foresee any further issues affecting the status or management of this case.

Dated: January 26, 2018

*/s/ Benjamin Heikali*
Benjamin Heikali

**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

***Attorneys for Plaintiff Jonathan Saghian***

9

1

2            */s/ Jason D. Strabo*
             Jason D. Strabo
3
             **MCDERMOTT WILL & EMORY LLP**
4            2049 Century Park E Ste 3800
             Los Angeles, CA 90067
5            Telephone: (310) 277-4110
             Facsimile: (310) 277-4730
6            E-mail: jstrabo@mwe.com
7
             ***Attorneys for Defendant Sun-Maid***
8            ***Growers of California***
9

10                    <u>**ECF ATTESTATION**</u>

11        I, Benjamin Heikali, attest that all other signatories listed, and on whose behalf

12   the filing is submitted, concur in the filing's content and have authorized the e-filing

13   of this **JOINT RULE 26(f) REPORT** in compliance with Local Rule 5-4.3.4(a)(2).

14

15   Dated: January 26, 2018              */s/ Benjamin Heikali*
                                          Benjamin Heikali
16

17

18

19

20

21

22

23

24

25

26

27

28                              10

1

## **CERTIFICATE OF SERVICE**

2

3

4

I hereby certify that on January 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

5

6

Dated:     January 26, 2017                 */s/ Benjamin Heikali*
                                            Benjamin Heikali

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11